UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARNELL HAILES,

        Petitioner,         CIVIL ACTION NO. 03-74144

vs.        DISTRICT JUDGE DENISE PAGE HOOD
        MAGISTRATE JUDGE DONALD A. SCHEER

FABIAN LAVIGNE,

        Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Habeas Corpus should be dismissed, as Petitioner has failed to obtain review by the state courts of his constitutional claims through procedural default, and has failed to demonstrate cause for that default.

\* \* \*

Petitioner, Earnell Hailes, a Michigan prisoner[1] convicted of third degree criminal sexual conduct (CSC-III), filed a Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2254, on August 25, 2003[2], challenging the validity of his underlying state conviction and sentence. Petitioner was convicted of CSC-III, following a jury trial in the Washtenaw County Circuit Court. The trial court sentenced Petitioner on December 19, 2000, as an habitual offender (fourth offense) to 5 to 10 years' imprisonment.

---

[1] Petitioner is currently incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan.

[2] Because Petitioner had failed to exhaust his state court remedies with respect to all but one of the claims presented in his 2003 habeas petition, the Court on October 26, 2004, held the petition in abeyance so that he could return to state court and exhaust his unexhausted claims (Docket #33).

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, claiming that his trial counsel had been ineffective, and that jurors had been given defective instructions on prior inconsistent statements. The Michigan Court of Appeals affirmed Petitioner's conviction on September 20, 2002. (Docket #232325). Thereafter, Petitioner filed an application for leave to appeal with the Michigan Supreme Court, but on May 22, 2003, the Court denied leave to appeal in a standard order (Docket #122600).

Petitioner then filed a motion for relief from judgment in the trial court in May 2004, asserting that he had been denied a fair trial because he had not been able to present an insanity defense. The trial court denied the motion, pursuant to MCR 6.508(D)(3)(a), on December 14, 2004.

Petitioner filed a second motion for relief from judgment in the trial court in January 2005, arguing that his petit jury had been biased; that incriminating statements given to the police had violated his Miranda rights; and that his trial and appellate counsel had been defective. The trial court again denied the motion, pursuant to MCR 6.508(D)(3), on June 8, 20005, because the issues could have been raised previously and they were not based on a change in the law. The Michigan Court of Appeals (Docket #267059) and Supreme Court (Docket #131609) both subsequently denied relief. In denying the delayed application for leave to appeal, the Michigan Court of Appeals stated that Petitioner had failed to meet the burden of establishing entitlement to relief pursuant to MCR 6.508(D).

Petitioner then filed the instant Amended Petition for Writ of Habeas Corpus in this Court on January 31, 2007, raising the following six claims:

**2**

1. THE TRIAL COURT DENY MR. HAILES HIS RIGHT TO PRESENT TO STATE HIS SUPPLEMENTAL MOTION FOR RELIEF AND TOOK AMENDED MOTION AS A SUCCESSIVE MOTION FROM RELIEF AND CLOSED RIGHT TO PRESENT TO FEDERAL COURT HIS ISSUES?

2. MR. HAILES WAS DENIED HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND SIXTH AMENDMENTS TO THE STATE AND FEDERAL CONSTITUTION WHERE A SERIES OF HIGHLY INCRIMINATING STATEMENTS ALLEGEDLY GIVEN BY MR. HAILES WERE ADMITTED. A. WAS MR. HAILES DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT TO THE STATE AND FEDERAL CONSTITUTION VIOLATED WHERE MR. HAILES' INVOLUNTARY STATEMENTS WERE PROCURED THROUGH DECEPTION AND PROMISES OF LENIENCY?

3. MR. HAILES IS ENTITLED TO A NEW TRIAL BECAUSE HE RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL?

A. COUNSEL'S FAILURE TO FILE PRETRIAL SUPPRESSION MOTIONS DENIED MR. HAILES EFFECTIVE ASSISTANCE OF COUNSEL

A. (paragraph mis-numbered) WAS MR. HAILES DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO FILE PRETRIAL SUPPRESSION MOTIONS?

C. DEFENSE COUNSEL'S FAILURE TO OBTAIN A DEFENSE EXPERT DENIED MR. HAILES HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

4. MR. HAILES PETIT JURY VOIR DIRE WAS BIASED AND MOTIVATED BY RACE WHERE THE JURY WAS UNCONSTITUTIONALLY SELECTED AND IMPANELED, VIOLATING MR. HAILES' FEDERAL CONSTITUTIONAL RIGHT TO EQUAL PROTECTION AND TO AN IMPARTIAL JURY.

A. MR HAILES WAS DENIED HIS FEDERAL AND STATE CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL FOR (1) TRIAL COUNSEL FAILURE TO MAKE BATSON OBJECTION TO PROSECUTOR'S PEREMPTORY STRIKE AGAINST BLACK JUROR WHO STATED ON VOIR DIRE THAT HE COULD BE FAIR (B) FAILURE TO QUALIFY HIS OBJECTION TO TRIAL COURT'S DISMISSAL OF BLACK JUROR AFTER PROSECUTOR'S CHALLENGE FOR CAUSE, (C) FAILURE TO OBJECT TO BURDEN SHIFTING SUPPLEMENTAL INSTRUCTION THAT EXCEEDED SCOPE OF THE JURY'S MID-DELIBERATION REQUEST FOR CLARIFICATION ON A QUESTION OF LAW; AND (2) APPELLATE COUNSEL'S FAILURE TO RAISE (A)-(C) ON DIRECT APPEAL.

5. MR. HAILES WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE COUNSEL FAILED TO RAISE SEVERAL CLAIMS ON APPEAL, RESULTING IN THE OMISSION OF A "DEAD BANG WINNER" BEING RAISED ON DIRECT APPEAL.

A. MR. HAILES IS ALSO ENTITLED TO RELIEF FROM JUDGMENT WHERE IRREGULARITY WAS SO OFFENSIVE TO THE MAINTENANCE OF A SOUND JUDICIAL SYSTEM.

6. DEFENDANT'S RIGHT TO PRESENT A DEFENSE WAS DENIED WHEN COURT FAILED TO ALLOW DEFENDANT TO BE RE-EXAMINED FOR COMPETENCY.

(See Amended Habeas Petition at Docket #34, part one pp. 22-32 and part two pp 16-46.)

Respondent filed an answer to the Amended Petition on October 3, 2007, contending that all the claims raised by Petitioner herein are barred by state court procedural defaults. Respondent maintains that the six grounds are procedurally barred from review by this Court because Michigan's appellate courts, in dismissing Petitioner's earlier motions for a new trial, clearly and expressly relied on a valid state procedural rule to bar state appellate review of those issues. Petitioner filed a reply to Respondent's Answer on October 26, 2007, arguing that he had presented his habeas claims to the Michigan appellate courts in three post conviction proceedings. He urged this Court to review those claims. The matter was referred to the undesigned on January 29, 2009.

PROCEDURAL DEFAULT

I am persuaded that the habeas grounds presented herein (first presented in Petitioner's second Motion for Relief From Judgment) are procedurally barred from review by this Court because the Michigan appellate courts, in denying Petitioner's delayed application for leave to appeal, clearly and expressly relied on a valid state procedural rule to bar state appellate review of these federal constitutional claims on their merits, and

**4**

because Petitioner has failed to show any "cause" which would provide legal justification for the federal court to look beyond the procedural bar imposed by Michigan law. In order to determine whether the state courts relied on a procedural default, a federal habeas court must look to "the last explained state court judgment." Ylst v. Nunnemaker, 501 U.S. 797, 805 (1991).

In the instant case, the Michigan Supreme Court relied upon M.C.R. 6.508(D) to deny the delayed application for leave (See Order of November 29, 2006 denying the motion for relief from judgment, attached to habeas petition). Rule 6.508(D) sets forth three bases for the Court to decline to decide an application on the merits: if an appeal of right or a regular application for leave is available, (D)(1); if the grounds for relief were decided in a prior appeal, D(2); if the grounds could have been raised on appeal before, D(3). In this case, it is evident that the Court was relying upon the third ground (issues that could have been raised before), as the appeal of right was completed and the claims had not been raised.

The Michigan Supreme Court's order expressly imposing a procedural bar on state law grounds remains the last explained state court judgment in this case. The Supreme Court's reference to M.C.R. 6.508(D), although brief, is a sufficient statement of a state procedural ground to constitute an "explained" state court judgment. See Coleman v. Thompson, 501 U.S. 722, 739 (1991) ("we have no power to tell state courts how they must write their opinions. We will not impose on state courts the responsibility for using particular language in every case"). Thus, Petitioner has failed to obtain a decision on the merits from the state's highest appellate court on the six constitutional claims asserted here. In light of that Court's reliance on Rule 6.508(D), Petitioner is barred from raising

**5**

these issues in the instant habeas action. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Simpson v. Jones, 238 F.3d 399, 407 (6th Cir. 2000) ("[S]ince the Michigan Supreme Court was the last state court rendering judgment in the case, its decision denying [the petitioner's] claims on the basis of a state procedural bar prevents federal habeas review").

Petitioner has not established cause to excuse his procedural default. He has not alleged that some objective factor external to his defense prevented his appellate counsel from raising these issues during Petitioner's appeal of right. Nor can Petitioner claim that his appellate counsel was ineffective for failing to raise these claims. Before such an argument may be advanced to establish cause to excuse a procedural default, it must be exhausted as a separate claim in the state courts. Murray v. Carrier, 477 U.S. 478, 488-489 (1986); Jones v. Toombs, 125 F.3d 945, 947 (6th Cir. 1997). Petitioner has not exhausted such a claim, and so he cannot assert it here to establish cause.

There is no need to determine whether Petitioner can meet the prejudice prong of the "cause and prejudice" test because he has clearly failed to establish cause. Smith v. Murray, 477 U.S. 527, 533 (1986); Long v. McKeen, 722 F.2d 286, 289 (6th Cir. 1983). Nor can Petitioner show that failure to review his claims will result in a fundamental miscarriage of justice. This narrow exception must accompany a credible claim of factual innocence. Schlup v. Delo, 513 U.S. 298, 315 (1995). To assert a credible claim of innocence, a petitioner must "support allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 323. As Petitioner has not challenged his conviction through an offer of new evidence, he cannot establish a

fundamental miscarriage of justice. This Court may not review the merits of Petitioner's defaulted claims because he failed to satisfy the state procedural requirements of M.C.R. 6.508(D). Given Petitioner's failure to establish cause and actual prejudice, or a fundamental miscarriage of justice. I am persuaded that the instant petition should be dismissed based upon Petitioner's procedural default.

For all the foregoing reasons, the instant Petition for Writ of Habeas Corpus should be dismissed. Given this recommendation, Plaintiff's Ex-Parte Motion for Bail (Docket #43) should be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Hood's acceptance thereof is waived.

                                s/Donald A. Scheer
                                DONALD A. SCHEER
                                UNITED STATES MAGISTRATE JUDGE
DATED: March 24, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on March 24, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 24, 2009: **Earnell Hailes.**

                                s/Michael E. Lang
                                Deputy Clerk to
                                Magistrate Judge Donald A. Scheer
                                (313) 234-5217

7